**2009–1541. Mahoning Cty. Bar Assn. v. Theisler.**

This cause came on for further consideration upon the filing on January 11, 2013, of a petition for reinstatement by respondent, Charles Theisler, Attorney Registration No. 0062582. In accordance with Gov.Bar R. V(10)(F), respondent's petition for reinstatement was referred to the Board of Commissioners on Grievances and Discipline. The board filed its final report in this court on December 16, 2013, recommending that respondent's petition be denied. Respondent filed objections to the final report, relator filed an answer, and this matter was considered by the court.

Upon consideration thereof, it is ordered by this court that the petition for reinstatement of respondent is denied.

It is further ordered by the court that respondent be taxed the costs of these proceedings in the amount of $1,744.89, less the deposit of $500, for a total balance due of $1,244.89, payable by cashier's check or money order on or before 90 days from the date of this order. If the costs are not paid on or before 90 days from the date of this order, interest at the rate of 10 percent per annum will accrue until the costs are paid in full. It is further ordered that if the costs are not paid in full on or before 90 days from the date of this order, the matter may be referred to the attorney general for collection, and respondent may be found in contempt until all costs and accrued interest are paid in full.

It is further ordered, sua sponte, by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of that award.

It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All case documents are subject to Sup.R. 44 through 47, which govern access to court records.

It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

PFEIFER, J., dissents.

**2012–1768. In re Resignation of LaCivita.**

This matter came on for further consideration upon the filing by movant, Trumbull County Bar Association, of a motion to show cause why respondent, Richard James LaCivita, should not be held in contempt for failing to obey this court's November 26, 2012 order accepting respondent's resignation from the practice of law with disciplinary action pending. Respondent filed a response to the motion.

Upon consideration thereof, it is ordered by this court that the motion is granted. Respondent, Richard James LaCivita, Attorney Registration No. 0003122, last known business address in Hubbard, Ohio, is found in contempt. It is further ordered that respondent shall pay Donna Rose restitution in the amount of $27,000 within 30 days of the date of this order. If respondent fails to pay said restitution, this court may find respondent in contempt. It is further ordered that all other terms and conditions of the November 26, 2012 order remain in effect.